11-2705-ag
Lama  v. Holder
BIA
Abrams, IJ
A089 254 185

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand twelve.

PRESENT:
 ROBERT A. KATZMANN,
 DEBRA ANN LIVINGSTON,
 SUSAN L. CARNEY,
  *Circuit Judges*.

_____

SANGE LAMA,
  *Petitioner*,

 v.                                          11-2705-ag
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

FOR PETITIONER:  Dalbir Singh, New York, NY.

FOR RESPONDENT:  Tony West, Assistant Attorney General;
                 Anh-Thu P. Mai-Windle, Senior Litigation
                 Counsel; James A. Hurley, Attorney,
                 Office of Immigration Litigation, United
                 States Department of Justice, Washington,
                 D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Sange Lama, a native and citizen of Nepal, seeks review of a July 7, 2011 order of the BIA affirming the June 5, 2009 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sange Lama*, No. A089 254 185 (B.I.A. July 7, 2011), *aff'g* No. A089 254 185 (Immig. Ct. N.Y. City June 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Lama argues that he suffered past persecution at the hands of Maoists in Nepal who threatened to kill him when he refused to join and contribute money to their party and renounce his membership in the Nepali Congress Party

2

("NCP"). However, as Lama testified, the Maoists did not physically harm him and he did not suffer financially from their demands because he did not actually give them money. The agency therefore reasonably found that the Maoists' unfulfilled threats did not constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) (holding that harm must be sufficiently severe, rising above "mere harassment," to constitute persecution); *See Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (noting that courts have "rejected [persecution] claims involving 'unfulfilled' threats").

The agency also reasonably found that Lama failed to establish that the Maoists targeted him based on his political opinion or any other protected ground. Because the REAL ID Act applies to Lama's application, he is required to show that his race, religion, nationality, political opinion, or particular social group is "one central reason for persecuting [him]." *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). An applicant can establish past persecution or a well-founded fear of persecution on account of his political opinion by demonstrating that the persecutor's motive to persecute

arises from a political belief he perceives the applicant to hold, whether correctly or incorrectly attributed. *See Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir. 2005) ("[A]n imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the [Immigration and Nationality] Act.") (internal quotation marks omitted).  While Lama asserts that the Maoists targeted him because he opposed them politically as a member of the NCP, he testified that the Maoists' primary objective was to collect money, that they increased their demand for money when they found out he owned more than one business, and that he played only a minor role in the NCP.  Thus, the agency reasonably found that the Maoists targeted him as a business owner and not because of his political opinion.

Lama also asserts that he established a well-founded fear of persecution by Maoists based on his political opposition.  However, as discussed above, the agency reasonably found that the Maoists did not target Lama based on his political opinion, but based on his potential income as a business owner.  Furthermore, the background materials Lama submitted indicate that Maoists who, according to the

4

2008 State Department Human Rights Report and 2007 State Department Country Report, continued to foster violence in Nepal through the "arbitrary and unlawful use of lethal force" did not target any particular group of people. Although various articles Lama submitted indicate that the Maoists attacked NCP cadres and high-ranking officials, the agency reasonably found that Lama's minimal participation in the NCP would not expose him to such attacks. Given the lack of evidence demonstrating that Lama would be targeted by Maoists, the agency reasonably found that he failed to establish a well-founded fear of persecution. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) (finding that general civil strife does not establish a well-founded fear of persecution).

Because Lama was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006) ("It is well-settled that the burden of proof for a withholding of removal claim is higher than the burden of proof for an asylum claim.").

Furthermore, contrary to Lama's assertion, the agency

5

reasonably found that he failed to establish that he was likely to be tortured in Nepal. Although Lama alleged that taxicab drivers beat him when he began arguing with one driver, he testified that the police intervened during the fight, took him to the hospital, and investigated the matter. While Lama claims that the police never prosecuted the drivers who assaulted him, the agency was nonetheless entitled to conclude that Lama had not demonstrated that "government officials . . . breach[ed] their legal responsibility to prevent [torture]." *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (concluding that "torture requires . . . that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it"). Thus, even assuming that this single incident amounted to torture, the agency reasonably determined that Lama failed to establish eligibility for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6